UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

H-15-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16CR 155 JAM |
| v. | : | |
| PAUL MOTT, <br>    a.k.a. "Lensworth Nicholas," <br> MARYBETH HARVEY, <br> ERIC BOONE, <br> DONALD HUGHES, and <br> TICO GARRETT | : <br> : <br> : <br> : <br> : | VIOLATIONS: <br> 21 U.S.C. § 846 (Conspiracy to Distribute and to Possess with Intent to Distribute Narcotics) <br><br> 21 U.S.C. § 841(a)(1) (Possession and Distribution of Narcotics) <br><br> 21 U.S.C. § 843(b) (Use of a Telephone to Facilitate a Drug-Trafficking Felony) <br><br> 18 U.S.C. § 2 (Aiding and Abetting) <br><br> 21 U.S.C. § 853 (Criminal Forfeiture) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Distribute and to Possess with Intent to Distribute Narcotics)

1. From approximately June 2016 through August 8, 2016, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, defendants PAUL MOTT, a.k.a. "Lensworth Nicholas," MARYBETH HARVEY, ERIC BOONE, TICO GARRETT, and DONALD HUGHES, together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

1

2. It was a part and an object of the conspiracy that defendants MOTT, HARVEY, BOONE, HUGHES, and GARRETT, together with others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

QUANTITY OF NARCOTICS INVOLVED IN THE CONSPIRACY

3. With respect to defendant MOTT, his conduct as a member of the narcotics conspiracy charged in Count One, which includes the readily foreseeable conduct of other members of the conspiracy charged in Count One, involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii).

4. With respect to defendants HARVEY and HUGHES, their conduct as members of the narcotics conspiracy charged in Count One, which includes the readily foreseeable conduct of other members of the conspiracy charged in Count One, involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii).

5. With respect to defendants GARRETT and BOONE, their conduct as members of the narcotics conspiracy charged in Count One, which includes the readily foreseeable conduct of other members of the conspiracy charged in Count One, involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

6. With respect to defendants MOTT, HARVEY, GARRETT and BOONE, their conduct as members of the narcotics conspiracy charged in Count One, which includes the

readily foreseeable conduct of other members of the conspiracy charged in Count One, involved a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

7. On or about July 1, 2016, in the District of Connecticut, defendant DONALD HUGHES knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(b)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT THREE
(Possession with Intent to Distribute a Controlled Substance)

8. On or about July 1, 2016, in the District of Connecticut, defendants PAUL MOTT, a.k.a. "Lensworth Nicholas," and DONALD HUGHES knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT FOUR
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

9. On or about July 6, 2016, in the District of Connecticut, defendant MARYBETH HARVEY knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine and cocaine base ("crack cocaine"), both Schedule II controlled substances, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(b)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT FIVE
(Possession with Intent to Distribute a Controlled Substance)

10. On or about July 6, 2016, in the District of Connecticut, defendants PAUL MOTT, a.k.a. "Lensworth Nicholas," and MARYBETH HARVEY knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine") and a mixture and substance containing a detectable amount of cocaine, both Schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT SIX
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

11. On or about July 7, 2016, in the District of Connecticut, defendant DONALD HUGHES knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(b)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT SEVEN
(Possession with Intent to Distribute a Controlled Substance)

12. On or about July 7, 2016, in the District of Connecticut, defendants PAUL MOTT, a.k.a. "Lensworth Nicholas," and DONALD HUGHES knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1) and Title 18, United States Code, Section 2.

## COUNT EIGHT
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

13. On or about July 8, 2016, in the District of Connecticut, defendant DONALD HUGHES knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(b)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT NINE
(Possession with Intent to Distribute a Controlled Substance)

14. On or about July 8, 2016, in the District of Connecticut, defendants PAUL MOTT, a.k.a. "Lensworth Nicholas," and DONALD HUGHES knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1) and Title 18, United States Code, Section 2.

## COUNT TEN
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

15. On or about July 10, 2016, in the District of Connecticut, defendant MARYBETH HARVEY knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(b)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT ELEVEN
(Possession with Intent to Distribute a Controlled Substance)

16. On or about July 10, 2016, in the District of Connecticut, defendants PAUL PAUL MOTT, a.k.a. "Lensworth Nicholas," and MARYBETH HARVEY knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TWELVE
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

17.     On or about July 11 through July 14, 2016, in the District of Connecticut, defendant DONALD HUGHES knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(b)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTEEN
(Possession with Intent to Distribute a Controlled Substance)

18.     On or about July 14, 2016, in the District of Connecticut, defendants PAUL MOTT, a.k.a. "Lensworth Nicholas," and DONALD HUGHES knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1) and Title 18, United States Code, Section 2.

## COUNT FOURTEEN
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

19.     On or about July 15 and 16, 2016, in the District of Connecticut, defendant TICO GARRETT knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(b)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT FIFTEEN
(Possession with Intent to Distribute a Controlled Substance)

20. On or about July 16, 2016, in the District of Connecticut, defendants PAUL MOTT, a.k.a. "Lensworth Nicholas," and TICO GARRETT knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1) and Title 18, United States Code, Section 2.

## COUNT SIXTEEN
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

21. On or about July 17 and 18, 2016, in the District of Connecticut, defendant DONALD HUGHES knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(b)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT SEVENTEEN
(Possession with Intent to Distribute a Controlled Substance)

22. On or about July 18, 2016, in the District of Connecticut, defendants PAUL MOTT, a.k.a. "Lensworth Nicholas," and DONALD HUGHES knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1) and Title 18, United States Code, Section 2.

## COUNT EIGHTEEN
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

23. On or about July 25, 2016, in the District of Connecticut, defendant MARYBETH HARVEY knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine and cocaine base ("crack cocaine"), both Schedule II controlled substances, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(b)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT NINETEEN
(Possession with Intent to Distribute and Distribution of a Controlled Substance)

24. On or about July 25, 2016, in the District of Connecticut, defendants MARYBETH HARVEY and ERIC BOONE knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine") and a mixture and substance containing a detectable amount of cocaine, both Schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TWENTY
(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

25. On or about July 29, 2016, in the District of Connecticut, defendant DONALD HUGHES knowingly, intentionally and unlawfully used a communications facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(b)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-ONE
(Possession with Intent to Distribute a Controlled Substance)

26. On or about July 29, 2016, in the District of Connecticut, defendants PAUL MOTT, a.k.a. "Lensworth Nicholas," and DONALD HUGHES knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1) and Title 18, United States Code, Section 2.

## COUNT TWENTY-TWO
(Possession with Intent to Distribute a Controlled Substance)

27. On or about August 8, 2016, in the District of Connecticut, defendant PAUL MOTT, a.k.a. "Lensworth Nicholas," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-THREE
(Possession with Intent to Distribute a Controlled Substance)

28. On or about August 8, 2016, in the District of Connecticut, defendant PAUL MOTT, a.k.a. "Lensworth Nicholas," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-FOUR
(Possession with Intent to Distribute a Controlled Substance)

29. On or about August 8, 2016, in the District of Connecticut, defendant MARYBETH HARVEY knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-FIVE
(Possession with Intent to Distribute a Controlled Substance)

30. On or about August 8, 2016, in the District of Connecticut, defendant TICO GARRETT knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## FORFEITURE ALLEGATION
(Controlled Substance Offenses)

31. Upon conviction of one or more of the controlled substance offenses alleged in Counts One through Twenty-Five of this Indictment, defendants PAUL MOTT, a.k.a. "Lensworth Nicholas," MARYBETH HARVEY, ERIC BOONE, DONALD HUGHES, and TICO GARRETT shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the said violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses, including, but not limited to, the following:

Currency:

A) approximately $4800 in United States Currency seized on August 13, 2016, from Chelsea Groton Bank Account number ending in 6639 in the name of Marybeth Harvey;

B) approximately $1854 in United States Currency seized on August 8, 2016, at 90 Truman Street, New London, Connecticut; and

C) approximately $1640 in United States Currency seized on August 8, 2016, from a 2013 Toyota 4Runner, bearing Connecticut registration 359WHZ and vehicle identification number (VIN) JTEBU5JR4D5142122, which is registered to PAUL MOTT.

<u>Vehicles</u>:

D) 2013 Toyota 4Runner, bearing Connecticut registration 359WHZ and vehicle identification number (VIN) JTEBU5JR4D5142122, which is registered to PAUL MOTT.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants named in this Indictment: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or disposed with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said defendants up to the value of the above-described forfeitable property.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
_____
FOREPERSON

UNITED STATES ATTORNEY

*Deirdre M. Daly*
DEIRDRE M. DALY
UNITED STATES ATTORNEY

*Patricia Stolfi Collins*
PATRICIA STOLFI COLLINS
ASSISTANT UNITED STATES ATTORNEY