**United States Department of Justice**

*United States Attorney*
*District of Connecticut*

*450 Main Street*
*Room 328*
*Hartford, Connecticut 06103*

(860) 947-1101
Fax (860) 760-7979
*www.justice.gov/usao/ct*

FILED
2017 MAY 31 PM 1 36
U.S. DISTRICT COURT
NEW HAVEN, CT.

May 31, 2017

Michael Hasse
90 Hempstead Street
New London, CT 06320

    Re:    **United States v. ERIC BOONE**
               **3:16CR155(JAM)**

Dear Attorney Hasse:

      This letter confirms the plea agreement entered into between your client, ERIC BOONE (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

      The defendant agrees to plead guilty to conspiracy to possess with intent to distribute a detectable amount of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846, as alleged in Count One of the indictment. The defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1. A conspiracy to possess with intent to distribute a controlled substance, to wit, cocaine, existed;
2. The defendant knowingly and intentionally agreed to participate in, and did participate in, the conspiracy;
3. The conspiracy involved a mixture and substance containing a detectable amount of cocaine.

1

THE PENALTIES

The offense of conviction carries a maximum penalty of twenty (20) years' imprisonment and a $1,000,000 fine. Moreover, any sentence of incarceration under this provision must also include a term of supervised release of at least three (3) years and as much as lifetime. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to two (2) years with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; and (2) the amount specified in the section defining the offense which is $10,000,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on the count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court by the time of sentencing.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572(h), (i) and § 3612(g).

Forfeiture

The defendant understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

**THE SENTENCING GUIDELINES**

1. Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. 220 (2005). The defendant expressly understands and agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

2

2. Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, if applicable, the Government intends to file a motion with the Court pursuant to § 3E1.1(b) recommending that the Court reduce the defendant's adjusted offense level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reductions.

The above-listed recommendation is conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make the recommendation or seeks denial of the adjustment for acceptance of responsibility.

3. Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The parties agree that the drug quantity which forms the basis of the offense to which the defendant is pleading guilty, is 50 grams but less than 100 grams of cocaine powder. This yields a base offense level of 14 under Guidelines section 2D1.1. Assuming the defendant remains eligible for the two-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility detailed above, the defendant's total offense level will be 12.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category III. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level of 12, assuming a Criminal History Category III, would result in a range of 15 to 21 months of imprisonment (sentencing table), and a fine range of $4,000 to $40,000, U.S.S.G. § 5E1.2(c)(3).

Regardless of the Guidelines range ultimately determined by the Court, the Government and the defendant both reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their rights to object to a departure or a non-Guidelines sentence.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the plea of guilty if the Court calculates a Guidelines range different from those calculated by the parties, or imposes a sentence outside any of the ranges set forth in this agreement.

The defendant acknowledges that this guideline stipulation is only between the parties to this agreement and, as such, does not bind the Probation Department or the Court. He also understands that his criminal history category is subject to final determination by the Court. The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the guidelines range calculated by the Court or the sentence imposed is outside the ranges that he contemplated.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

4. <u>Waiver of Right to Appeal or Collaterally Attack Sentence</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 18 months' imprisonment, a 3-year term of supervised release, a $1,000,000 fine and a $100 special assessment, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

5. <u>Information to the Court</u>

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

## **WAIVER OF RIGHTS**

1. Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

2. Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following the defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA

1. Voluntariness of Plea

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of the offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

To the extent that the defendant is not a citizen of the United States, he understands that he may be subject to deportation and precluded from re-admission to the United States as a result of his conviction in this matter and nevertheless wishes to enter into this plea agreement.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the criminal conduct which forms the basis of the Indictment in this case. After sentencing, the Government will move to dismiss any remaining counts of the Indictment against the defendant.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY
DISTRICT OF CONNECTICUT

PATRICIA STOLFI COLLINS
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

ERIC BOONE          Date   5/31/2017
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

MICHAEL HASSE, Esq.         Date   5/31/2017
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT

From approximately June of 2016, through August of 2016, the defendant, ERIC BOONE conspired with another individual. During the period of conspiracy, the defendant would obtain redistribution amounts of powder cocaine from an individual at 42 Huntington Avenue, Norwich, CT. The defendant went to this location on multiple occasions during the dates listed above to purchase cocaine for redistribution.

On July 25, 2016, the defendant went to the address listed above for the purpose of purchasing cocaine for redistribution. As he left her home, the defendant failed to stop when followed by police with activated lights and sirens. The defendant increased his vehicle's speed and was ultimately stopped by stop sticks. Even after stopped, the defendant turned his vehicle on to the bridge over the Yantic River. The defendant then began to throw the cocaine out the window and over the bridge.

Additionally, the defendant was in possession of cocaine, United States currency, multiple Ziploc vacuum seal bags containing cocaine residue, black plastic bag containing cocaine residue and green saran wrap.

 

# STATE OF CONNECTICUT
## DESPP - Division of Scientific Services

278 Colony Street
Meriden, CT 06451
Phone: (203) 639-6400 Fax: (203) 427-4600

Laboratory - Controlled Substance Report

**FINAL REPORT**

| | | |
|---|---|---|
| **Name and Address of Submitting Agency:** Norwich Police Department 70 Thames Street Norwich, CT 06360 | **Source(s):** BOONE, ERIC | **Lab Case #:** DSS-17-002196 Request: 0001 Agency Case #: 161597AR Report Date: 05/02/2017 |

### DESCRIPTION OF EVIDENCE SUBMITTED:

On 4/10/2017 at 3:10 PM, Evidence Control Officer Penni Rosen received the following evidence from the Norwich Police Department via Kevin Wilbur:

- Evidence Submission 001: #1 Tamper Evident Sealed Plastic Bag with "15.6 grams of crack/cocaine wrapped in a paper towel"
- Evidence Submission 002: #2 Tamper Evident Sealed Plastic Bag with "49.1 grams of alleged cocaine in a clear ziploc style sandwich bag"
    - Item #1A: One sealed evidence plastic bag containing a white paper bag containing item 1A1.
    - Item #1A1: Rock substance inside a tissue paper.
    - Item #2A: One sealed evidence plastic bag containing a white paper bag containing item 2A1.
    - Item #2A1: Rock substance inside a clear plastic ziplock bag.

### EXAMINATIONS / METHODS PERFORMED:

Gas Chromatography/Mass Spectrometry(GC/MS)
Weight

### RESULTS AND CONCLUSIONS:

Evidence Submission #1A1

*Item 1A1 was determined to contain Cocaine.*
*Weight of item 1A1 (rock substance) = 2.799 gram(s) = 0.098 ounce(s) (+/- 0.007 gram, with a Confidence Level of 95.45 %).*

Evidence Submission #2A1

*Item 2A1 was determined to contain Cocaine.*
*Weight of item 2A1 (rock substance) = 41.235 gram(s) = 1.454 ounce(s) (+/- 0.007 gram, with a Confidence Level of 95.45 %).*

---

This report reflects the test results, conclusions, interpretations and/or findings of the analyst and technical reviewer as indicated by their signature below.
**I HEREBY CERTIFY** that this is a true copy of the laboratory examination described herein and a true copy of the records of the Connecticut Division of Scientific Services pertaining there to.

Analyst: *(signed)* 5-2-17
Vivian Texidor
Forensic Science Examiner 1

Technical Reviewer: *(signed)* MAY 2 2017
Mark Anderson
Forensic Science Examiner 2