UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:16CR155 (JAM) |
| | : | |
| v. | : | |
| | : | |
| ERIC BOONE | : | September 18, 2017 |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The Government respectfully submits this Sentencing Memorandum in response to the defendant's sentencing memorandum and in aid of the sentencing hearing of the defendant Eric Boone (the "defendant"). For the reasons stated herein, the Government submits that a jail sentence of 21 months plus supervised release is warranted and appropriate regardless of the guidelines calculation. The defendant has a history of selling drugs, has obtained custody of his child from someone he deemed a substance abuser yet was selling drugs for profit, and because of the actions the defendant took to evade the police when the police tried to stop his vehicle.

I.    INTRODUCTION AND BACKGROUND

On August 17, 2016, a Federal Grand Jury returned an indictment against the defendant. The defendant was charged in Count One with Conspiracy to Possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), and 846, and Possession with Intent to Distribute Cocaine and Cocaine Base, in violation of 18 U.S.C. §§ 841(a)(1) and § 841(b)(1)(C).

1

On May 31, 2017, the defendant pled guilty to Count One of the Indictment, to wit, Conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1).

The defendant's guilty plea was entered in accordance with a plea agreement with the Government.   In that agreement, the parties agreed that the defendant's relevant and readily foreseeable conduct involved at least 50 grams but less than 100 grams or more of cocaine powder.   This results in a base offense level of 14.   In addition, the parties agreed that two levels should be subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, resulting in a total adjusted offense level of 12.   A total offense level of 12 and a Criminal History Category of II results in a range of 15 to 21 months of imprisonment and a guideline fine range of $4,000 to $40,000.

The defendant agreed not to appeal or collaterally attack his conviction or sentence if his sentence does not exceed 18 months of imprisonment, a 3-year term of supervised release, a $100 special assessment and a $1,000,000 fine. After sentencing, the Government agreed to move to dismiss the remaining Counts as to the defendant.

II.   **FACTS AND CIRCUMSTANCES OF DEFENDANT'S CONDUCT**

The Pre-Sentence Report ("PSR") accurately sets forth the facts and circumstances regarding the defendant's narcotics trafficking activities which form the basis for the charges in the indictment.   See PSR ¶¶ 7 -16.

**The defendant regularly obtained bulk quantities (i.e. redistribution amounts) of cocaine from his supplier, Marybeth Harvey.   Marybeth Harvey was obtaining her supply from Paul Mott, and redistributed the cocaine to other individuals, including Eric Boone.   Mr. Mott routinely delivered the narcotics to Marybeth Harvey's home.   Eric Boone would come to Marybeth Harvey's home to obtain his drug supply. The amounts that Eric Boone was purchasing from Marybeth Harvey were not personal use amounts but clearly for resale.**

**The intercepted communications revealed that Mr. Mott took orders from the Marybeth Harvey (Boone's supplier) before driving to the Bronx to get the cocaine and that Paul Mott would provide the narcotics on credit to Marybeth Harvey. The calls further revealed that Marybeth Harvey would comment on her customers' satisfaction with the cocaine Paul Mott provided and that she possessed the cocaine at her home. Additionally, the intercepted communications revealed that she would call Paul Mott when she was running low on supply or getting hassled by her buyers, including Boone.   Investigators conducted surveillance of Mr. Mott's multiple meetings with Marybeth Harvey as well as the individuals who routinely picked up the drugs at her home.   Eric Boone regularly drove to Marybeth Harvey's home. His vehicle had been seen by investigators at her home multiple times.**

**And, on several of his surveilled visits the wire calls establish that Paul Mott had been communicating with Marybeth Harvey on the intercepted phone, then dropped off drugs at her home and left.   Then, Boone would almost**

immediately arrive to Marybeth Harvey's home, remain for a short time and leave. Once Boone left, Mott, who had been observed waiting nearby at a gas station would return for his payment.

Eric Boone in the vehicle seen at the defendant's home on multiple occasions was ultimately stopped by the police on July 25, 2016.   The driver, Eric Boone, was in possession of 49.1 grams of powder cocaine and 15.6 grams of cocaine base. This meeting took place in conjunction with Paul Mott's delivery to Marybeth Harvey's home and consistent with electronic communication between Paul Mott and Marybeth Harvey regarding payment.

### III.   DISCUSSION

The Government respectfully submits that the Court should impose a prison sentence and we believe the fair disposition taking into account the reasonable and foreseeable conduct is 21 months for several principal reasons. **First**, such a sentence should be imposed to reflect the seriousness of the defendant's offense conduct.   The defendant was involved in distributing cocaine in bulk quantities for redistribution in the New London/Norwich area.   He was one of the middle people in this conspiracy to distribute large amounts of cocaine. He was regularly obtaining redistribution amounts of cocaine from Marybeth Harvey and based on the evidence obtained from his vehicle repackaging the drugs for resale. As the Court knows well, cocaine is an extremely addictive drug that is having a devastating impact on the lives of far too many citizens, not only in Connecticut, but throughout our country.   A prison

sentence is needed to reflect the seriousness of the defendant's criminal activities, as well as promote respect for the law and provide just punishment for the offense.   See 18 U.S.C. § 3553(a)(2)(A).

**Second**, a prison sentence would appropriately protect the public from the defendant, see 18 U.S.C. § 3553(a)(2)(C), and provide adequate deterrence to future criminal conduct of the defendant and others.   See 18 U.S.C. § 3553(a)(2)(B).   Such a sentence would send an appropriate message not only to the defendant, but also to others in the community, that the Court will not tolerate drug trafficking.

Of note and what stands out to the Government, is that the defendant claims he is somewhat of an addict.   However, it is unclear from the PSR if that is true or not.   And, it does not appear from his work history that he was selling to feed his addiction.   But, what is clear from his criminal history is that he has been selling drugs since 2008.   He has a possession of Narcotics conviction in Norwich Connecticut that stems from an investigation in which he was actively selling cocaine.   Additionally, based on the defendant's own history he indicates that he obtained custody of his child from a drug addictive mother.   So, he has seen firsthand the devastating effects that drugs have on society.   The defendant based on her own history with drug abuse personally knew the impact drugs had on her, her family and friends. Yet, he instead chose to sell illegal drugs to others in the community for his own gain.   The defendant gave little thought to the

impact selling drugs was having on the community and the individuals he and the people he supplied were selling the drugs to.

The defendant had no regard for the harm he was causing to the community by redistributing cocaine to other drug dealers and users.   And, Boone sold drugs while personally knowing the impact that drugs have on a person's life.   The defendant needs to be deterred from any future conduct and some time in prison would send that message.

Additionally, the defendant has multiple prior state convictions.   Some of which are not included in the defendant's criminal history calculation. The defense is claiming that his criminal history calculation is unduly harsh and that the court should depart. The Government respectfully disagrees. The Government submits that the Court should take into account that since the age of 27 the defendant has been involved in selling drugs. PSR ¶ 36 and 37. Additionally, he continued to break the law by driving under the influence on multiple occasions.   The defendant was given a suspended sentence and probation which he violated by selling drugs and he did a 3 year state jail sentence for the probation violation and the drug offense. Obviously, the three years in jail did not deter the defendant from continuing his drug dealing. Instead he was released and drove while under the influence on several occasions. In July of 2007, he even fled from the police that were trying to stop his vehicle. This is similar to what he did as the police tried to stop him as he left Marybeth Harvey's home in July of 2016.   Further, Boone has a 2008 conviction that stems

from the sale of narcotics. He also violated his probation on this suspended sentence. The court should look at the long history this defendant has of breaking the law, ignoring authority whether it is probation or the police and fashion a sentence that reflects that history. The court should send a message to the defendant that his actions will no longer be tolerated. A sentence of 21 months of incarceration would be appropriate for the defendant. The Government believes it adequately takes into account the defendants conduct, past character, background and criminal history.

In response to the defense argument regarding the drug conversion. The Government was aware of the Court's practice regarding crack cocaine conversion and fashioned an agreement that took into account the powder cocaine, crack cocaine as powder and the other offense conduct of the defendant purchasing drugs on at least two occasions at Marybeth Harvey during April and July of 2016. The sentence that is being suggested by the defense based on this defendant's record and offense conduct is too minimal to send the appropriate message and there should be an incremental punishment

IV.   **CONCLUSION**

For the foregoing reasons, the Government submits that a sentence of imprisonment, specifically a sentence of 21 months is reasonable, appropriate and necessary to achieve the purposes of sentencing under 18 U.S.C. §3553(a).

                                      Respectfully submitted,

                                      DEIRDRE M. DALY
                                      UNITED STATES ATTORNEY

>/s/ Patricia Stolfi Collins
>
>**PATRICIA STOLFI COLLINS**
>**ASSISTANT UNITED STATES ATTORNEY**
>Federal Bar No. CT phv08052

### CERTIFICATE OF SERVICE

This is to certify that on September 18, 2017, a copy of the foregoing Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

>/s/ Patricia Stolfi Collins
>
>**PATRICIA STOLFI COLLINS**
>**ASSISTANT UNITED STATES ATTORNEY**